UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: TYRELLE LAMAR KING<br><br>Debtor.<br><br>TYRELLE LAMAR KING<br>    Appellant,<br>  v.<br>ANEIDA HENRIQUEZ<br>    Appellee. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:22-CV-05005-KMW<br><br>**OPINION & ORDER** |

   This matter comes before the Court *sua sponte* concerning the above-captioned bankruptcy appeal initiated by Tyrell Lamar King ("Appellant"). For the reasons set forth below, this matter shall be dismissed for Appellant's failure to prosecute.

   1) Appellant filed the Notice of Appeal in this matter on August 10, 2022. (ECF No. 1). Within fourteen days from the filing of the Notice, Appellant was required pursuant to Fed. R. Bankr. P. 8009, to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." *See* Fed. R. Bankr. P. 8009(a)(1)(A), (B)(i). However, Appellant failed to do so.

   2) On September 1, 2022, Appellee Anedia Henriquez ("Appellee") submitted a Certification from the Deputy Clerk of the U.S. Bankruptcy Court for the District of New Jersey, stating that Appellant had, as of the day of said Certification, failed to comply with Rule 8009. (ECF No. 3). On September 26, 2022, Appellant—seemingly in response to this Certification—

1

filed with this Court a *Nunc Pro Tunc* Designation of Record. (ECF No. 4). But Rule 8009 requires the designation and statement of issues to be filed with the bankruptcy clerk—not the U.S. District Court. Thus, Appellant again failed to comply with Rule 8009.

3) On October 17, 2022, the Court issued an Order which *sua sponte* granted Appellant an enlargement of time within which to file with the bankruptcy clerk and serve upon Appellee a designation of items to be included in the record on appeal and a statement of the issues to be presented. (ECF No. 5).[1] The Court also alerted Appellant to the Court's discretion to dismiss bankruptcy appeals that fail to comport with Rule 8009. To date, it does not appear that Appellant has filed any of these required materials with the bankruptcy clerk.

4) The Court, "in its discretion, may dismiss a bankruptcy appeal for lack of prosecution." *Guiuan v. Wells Fargo Bank, N.A.*, No. 18-11423 (ES), 2020 WL 219870, at *2 (D.N.J. Jan. 15, 2020). In determining whether dismissal for failure to prosecute is appropriate, the Third Circuit has instructed district courts to consider and weigh six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritorious of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)

5) Here, the Court finds that Appellant is personally responsible for his failure to prosecute this action. Though Plaintiff proceeds *pro se*, he is nevertheless responsible for pursing his appeal. *See Bembry-Muhammad v. Greenberg*, No. 15-8829, 2016 WL 4744139, at *2 (D.N.J.

---

[1] The Court's Order also pointed out that Appellant's submission appeared to be substantively deficient insofar as it included a statement of the issues to be presented, but neglected to include any designation of the items to be included in the record on appeal. *See* ECF No. 5 at 2.

Sept. 12, 2016) (dismissing appeal where *pro se* litigant was deemed "personally responsible for the failure to timely perfect this appeal and to properly serve the Appellee"). Appellant has, on several occasions, been apprised of the requirements of Rule 8009. His prior attempt to comply with the Rule confirms his awareness of it.

6) Next, the Court concludes that Appellee is prejudiced by Appellant's failure to prosecute. Because Appellant has not properly submitted either a designation or a statement of issues to the bankruptcy clerk, the Appellee has been precluded from defending this appeal on the merits, which has likewise prevented the Court from assessing the meritoriousness of Appellant's appeal. *See In re Farzan*, No. 20-7134, 2020 WL 13240129, at *1 (D.N.J. Oct. 20, 2020) (finding appellee prejudiced where appellant had failed to file designation of record or a statement of issues).

7) The Court has little trouble concluding that Appellant's failure to prosecute is willful. This Court's prior Order, as well as the Bankruptcy Duty Clerk's Certification, confirm that Appellant is aware of what Rule 8009 requires of him. Furthermore, the Court, on its own motion, afforded Appellant additional time to comply with the Rule. *Accord In re Farzan*, No. 21-2445, 2022 WL 1238354, at *2 (3d Cir. Apr. 27, 2022) (observing that district courts should give bankruptcy appellants notice and opportunity to respond prior to dismissing an appeal). To date, Plaintiff has failed to comply with the Rule, and has not otherwise sought any further extension of time.

8) Lastly, the Court finds that monetary sanctions would likely be ineffective given that Appellant is proceeding *pro se*. *See Guiuan v. Wells Fargo Bank, N.A.*, No. 18-11423, 2020 WL 219870, at *4 (D.N.J. Jan. 15, 2020) ("Because Appellant is proceeding pro se and has sought

3

bankruptcy relief, it appears that monetary sanctions will not be an effective alternative to dismissal").

9) For all of the reasons set forth above, the Court concludes that the factors established in *Poulis* weigh in favor of dismissing Appellant's appeal. Appellant's history of dilatoriness is undoubtedly willful, and one for which he bears personal responsibility. This continued delay has not only prejudiced the Appellee, but has also prevented this Court from assessing the merits of his appeal. In the absence of effective, alternative sanctions, the Court is constrained to dismiss this appeal for Appellant's failure to prosecute.

Therefore,

**IT IS** this **17th** day of **March 2023**, hereby

**ORDERED** that the above-captioned matter is **DISMISSED**; and it is further

**ORDERED** that Appellee's pending Motion to Dismiss (ECF No. 2) is **DENIED AS MOOT**.[2]

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge

---

[2] The Appellee voluntarily withdrew her Motion to Dismiss by letter dated March 7, 2023. (ECF No. 7).